IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB 15 P 3: 54

CLERK C Adams
SO. DIST. OF GA.

| | | |
|---|---|---|
| JIMMY S. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-178 |
| | ) | |
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on January 5, 2007, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 7). Plaintiff has submitted an amended complaint, (doc. no. 8), and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names as Defendants the State of Georgia, the Frank Scott Prison, the Richmond County Sheriff's Medical Staff, and Rose Williams, Warden at Frank Scott Prison. In his amended complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. Specifically, he alleges that in April 2006, while he was incarcerated at Frank Scott Prison in Hardwick, Georgia, he slipped, fell, and hit his head while he was getting out of the shower. (Doc. no. 8, p. 5). Prison officials allegedly placed Plaintiff on a stretcher, pushed him into the dining hall, gave him some Tylenol, and left him lying there on the stretcher until the next morning when he was transferred to the medical unit. (Id.). Plaintiff claims that once the nurse examined him, she sent him back to his dorm. (Id.). Plaintiff asserts that "after complaining," he was sent to get x-rays of his head, but the doctors did not find anything wrong. (Id.).

Two weeks after the prison doctors took x-rays of Plaintiff's head, Plaintiff was transferred to the Augusta State Medical Prison in Grovetown, Georgia, where an MRI of his head was done. (Id.). Plaintiff states that the results of this MRI indicated that he had a fractured temple and that his brain had been tilted. (Id.). According to Plaintiff, the doctor told him that he needed surgery to move his brain back into place. (Id.). However, before this was done, Plaintiff was transferred to the Richmond County Jail. (Id.). Plaintiff claims that he told the Richmond County Sheriff's Medical Staff about his condition; however, they did nothing to help Plaintiff. (Id.). Plaintiff states that he wakes up every morning with blood on his pillow. (Id.). Plaintiff asserts that despite his serious medical needs, none of the Defendants responded and cared for these needs. (Id.).

2

## II. DISCUSSION

### A. The Richmond County Sheriff's Department, the State of Georgia, the Frank Scott Prison, and the Richmond County Sheriff's Medical Staff

In the Order directing Plaintiff to amend his complaint, the Court warned Plaintiff that his amended complaint would supersede his previously filed complaint. (Doc. no. 7, p. 3 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). The Court also specifically told him that he must name all defendants in the caption and the body of the amended complaint. (Id. at 3-4). Upon review of the amended complaint, the Court finds that Plaintiff no longer names the Richmond County Sheriff's Department as a party to the lawsuit and therefore, the Court recommends that the Richmond County Sheriff's Department be **DISMISSED** from this lawsuit.

Further, the Court also warned Plaintiff that it was improper to name as Defendants the institutions of the State of Georgia and the Frank Scott Prison, as well as the entire Richmond County Sheriff's Medical Staff, without naming specific individuals whose actions allegedly violated Plaintiff's constitutional rights. (Doc. no. 7, pp. 2-3). However, in his amended complaint, Plaintiff again listed the State of Georgia, the Frank Scott Prison, and the Richmond County Sheriff's Medical Staff as Defendants, without naming specific individuals. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (noting that a plaintiff must show that he or she was deprived of a federal right by *a person acting under color of state law* in order to prevail on a civil rights action under § 1983 (emphasis added)). Because Plaintiff was warned that naming the institutions of the State of Georgia and the Frank Scott Prison, as well as the entire Richmond County Sheriff's Medical Staff,

3

was improper, the Court recommends that these three Defendants be **DISMISSED** from this case.

**B.     Defendant Williams**

In his amended complaint, although Plaintiff listed Defendant Williams as a Defendant, he does not provide any allegations that Defendant Williams violated his constitutional rights. Specifically, Plaintiff does not indicate what Defendant Williams did, or did not do, to violate Plaintiff's constitutional rights. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (noting that a plaintiff must allege an affirmative causal connection between a defendant and an alleged constitutional violation in order to obtain relief); Griffin, 261 F.3d at 1303.

Moreover, to the extent that Plaintiff is suing Defendant Williams in her capacity as a supervisor, Plaintiff cannot obtain relief on the basis of respondeat superior. In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged that Defendant Williams was personally involved in the events giving rise to this lawsuit.

4

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Williams and the asserted constitutional violations. See Zatler, 802 F.2d at 401. The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). Plaintiff has alleged neither with respect to Defendant Williams, and the Court therefore recommends that Defendant Williams be **DISMISSED** from this case.

### III. CONCLUSION

Because Plaintiff has failed to state a claim for which relief can be granted against any Defendant, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). Plaintiff has not made allegations of "widespread abuse."